IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES D. DRISCOLL,

      Plaintiff,

vs.                                            Civ. No. 19-527 JCH/KK

JESUS MANUEL CASTELLANOS
*et al.*,

      Defendants.

## ORDER GRANTING IN PART
## DEFENDANTS' MOTION FOR ENTRY OF PROTECTIVE ORDER

THIS MATTER is before the Court on Defendants' Motion for Entry of Protective Order (Doc. 31), filed November 4, 2019. The Court, having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, FINDS that the motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as follows.

Pursuant to Federal Rule of Civil Procedure 26, the Court may issue a protective order "for good cause" to protect a party from whom discovery is sought "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order may, *inter alia*, forbid the discovery, specify terms for it, prescribe how it should be obtained, or limit its scope or to whom it is disseminated. *Id.*

> The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise. Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.

*Siegel v. Blue Giant Equip. Corp.*, No. 18-5113, 2019 WL 5549331, at *5 (10th Cir. Oct. 28, 2019) (citations and quotation marks omitted); *see also S.E.C. v. Merrill Scott & Assocs., Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) (entry of protective order is left to district court's sound discretion);

*Thomas v. Int'l Bus. Machines*, 48 F.3d 478, 482 (10th Cir. 1995) ("[T]he decision to grant a protective order under Fed. R. Civ. P. 26(c) is vested in the district court's discretion.").

The parties to this matter have agreed to the entry of a protective order regarding specified categories of documents produced in discovery that the producing party has designated as confidential. However, the parties disagree regarding the protective order's terms in two respects. First, Plaintiff contends that the protective order should permit him to disclose confidential materials Defendants produce in discovery to other "[a]ttorneys representing litigants pursuing claims of personal injury or wrongful death against FedEx Ground Package System, Inc.; FedEx Corporate Services, Inc.; or Eldridge Distribution, Inc." (Doc. 33-1 at 4.) Defendants oppose this provision. Second, Defendants contend that the protective order should require the return or destruction of confidential materials within *six months* of the termination of this lawsuit. (Doc. 31-1 at 9.) Plaintiff, on the other hand, contends that the protective order should require such materials to be returned or destroyed within *six years* of the lawsuit's termination. (Doc. 33-1 at 8.)

Regarding the parties' first dispute, the Court has carefully considered the relevant law, including the cases cited by both sides,[1] and finds that Plaintiff's proposed discovery sharing provision "would tangibly prejudice [Defendants'] substantial rights" and will therefore be

---

[1] Plaintiff failed to indicate that *Cipollone v. Liggett Group, Inc.*, 106 F.R.D. 573, 577 (D.N.J. 1985), which he cited in his response brief, was overruled by *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108 (3d Cir. 1986). (*See* Doc. 33 at 3.) In addition, the cases cited in Plaintiff's response brief for the proposition that discovery sharing is proper do not hold that the sharing of *confidential* documents obtained in discovery with litigants in other cases is proper, as Plaintiff's response brief suggests. (Doc. 33 at 2-4); *see, e.g.*, *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 129 F.R.D. 483, 486 (D.N.J. 1990); *Deford v. Schmid Prod. Co., a Div. of Schmid Labs.*, 120 F.R.D. 648, 654 (D. Md. 1987); *Parsons v. Gen. Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Ga. 1980). Rather, these cases simply hold that the sharing of documents obtained in discovery with other litigants is not, in and of itself, a sufficient basis for entry of a protective order. Plaintiff's counsel are admonished to exercise due care in the future to ensure that cases they cite in pleadings filed in this Court are valid (or counsel notes the case's invalidity in the pleading), and that cases stand for the propositions for which they are cited.

excluded from the protective order the Court enters in this case. *Loomis v. I-Flow Corp.*, No. CV 11-1007 LFG/ACT, 2013 WL 12333484, at *3 (D.N.M. Jan. 16, 2013). As Senior United States District Judge James A. Parker stated in another case filed in this District,

> [n]one of the . . . cases cited by Plaintiff[] stands for the proposition that federal courts allow the sharing of discovery materials which a defendant has shown to contain confidential trade secrets. Plaintiff[] correctly argue[s] that courts should favor discovery sharing to promote the search for the truth, judicial economy, and justice, but these concerns should not override a good faith showing that dissemination of certain information would put [Defendants] at a competitive disadvantage.

*Ramos v. Cooper Tire & Rubber Co.*, No. 10-CV-198 JAP/ACT, 2011 WL 13266815, at *6 (D.N.M. Mar. 8, 2011); *see also Bertetto v. Eon Labs, Inc.*, No. CIV. 06-1136 JCH/ACT, 2008 WL 2522571, at *2–3 (D.N.M. May 29, 2008) (striking proposed discovery sharing provision from protective order governing confidential materials).

Moreover, the fact that the protective order in this case

> does not contain a sharing provision does not mean that Defendants' produced documents will necessarily be protected forever from public view. The [p]rotective [o]rder provides a mechanism for the production of documents that the Defendants believe should be protected from public dissemination.

*Strough v. Gen. Motors LLC*, No. 18-CV-03303-PAB-NRN, 2019 WL 2357306, at *3 (D. Colo. June 4, 2019). However, as in *Strough*, the protective order here provides that "[t]he burden of proving the propriety of a Confidential designation rests with the party designating the information as Confidential," (Doc. 31-1 at 6); and, if Plaintiff disagrees with Defendants' designation of any materials as confidential, he can contest the designation and the Court will resolve the issue. Further, to ensure that Plaintiff has a full and fair opportunity to challenge confidential designations, the Court will modify Paragraph IV of Defendants' proposed protective order to allow any party to raise a good faith challenge to the propriety of a confidential designation

> within thirty (30) days of the close of discovery for materials produced during discovery, and within ten (10) days of production of the Confidential Information

and/or Stamped Confidential Document for materials produced after the close of discovery.

(*See id.*) The protective order does not purport to restrain Plaintiff from sharing materials obtained in discovery with other litigants if the Court finds that the materials do not, in fact, contain confidential information.

Regarding the parties' second dispute, the Court finds that Defendants' proposed provision requiring the return or destruction of confidential materials produced in discovery within six months of the litigation's termination is reasonable and appropriate and does not require Plaintiff's counsel to violate their professional and ethical obligations. In this regard, the Court notes that the proposed provision specifically allows each counsel "to retain one set of all documents, including those marked 'Confidential,' through the passage of the applicable legal malpractice statute of limitations." (Doc. 31-1 at 9.) The Court will therefore include Defendants' proposed provision regarding the return or destruction of confidential materials in the protective order it enters in this case.

IT IS THEREFORE ORDERED that Defendants' Motion for Entry of Protective Order (Doc. 31) is GRANTED IN PART and DENIED IN PART. The Court will enter the proposed protective order attached as Exhibit 1 to Defendants' motion with the modification described herein.[2]

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court notes that the proposed protective order requires deposition and trial witnesses to sign an agreement to be bound by the order before a party may disclose confidential materials to such witnesses. (Doc. 31-1 at 5.) If a deposition witness refuses to sign the agreement, the parties are instructed not to postpone or vacate the deposition, but rather to contact the Court promptly so that it may resolve the issue and the deposition may proceed as scheduled.