**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JAMES D. DRISCOLL,

       Plaintiff,

v.                                     Civ. No. 19-527 JCH/KK

JESUS MANUEL CASTELLANOS
*et al.*,

       Defendants.

**ORDER TO FILE ADDENDUM**
**TO RESPONSE TO MOTION FOR PROTECTIVE ORDER**

THIS MATTER is before the Court following its review of the parties' submissions regarding the Motion for Protective Order by Defendant Fedex Ground Package System, Inc. to Limit Plaintiff's Deposition of Fedex Ground ("Motion") (Doc. 64), filed April 28, 2020.  In the Motion, Defendant Fedex Ground Package System, Inc. ("Fedex Ground") seeks a protective order limiting the topics about which Plaintiff may depose Fedex Ground pursuant to Federal Rule of Civil Procedure 30(b)(6).  It appears from the parties' submissions that counsel have agreed to modify or eliminate some of the twenty-one (21) topics listed in Plaintiff's original notice of deposition to Fedex Ground; and, Plaintiff proposes further modifications to his broad topics in his Response to Defendant Fedex Ground Package System's Motion for Protective Order to Limit Plaintiff's Deposition of Fedex Ground. (*See generally* Doc. 69.)  However, Plaintiff does not appear to have served an amended notice of deposition on Fedex Ground, nor has he attached an amended notice to his response.  As such, the record does not clearly indicate the topics on which Plaintiff now seeks to depose Fedex Ground.  And, without clarity on this point, the Court cannot determine whether Fedex Ground is entitled, in whole or in part, to the protective order it seeks.

In light of these circumstances, the Court will require Plaintiff to serve Fedex Ground with an amended notice of deposition on Monday, June 1, 2020, in which he includes:  (1) all of the modifications to which the parties have agreed; (2) all of the modifications that Plaintiff offered to make in his response to Fedex Ground's motion; and, (3) any additional modifications Plaintiff wishes to make to address any other deficiencies he has since recognized.[1]  The Court will then require the parties to meet and confer in good faith between Tuesday, June 2, 2020 and Thursday, June 4, 2020 to attempt to further narrow their areas of dispute, after which, and no later than Friday, June 5, 2020, Plaintiff must file, as an addendum to his response to Fedex Ground's motion, his amended notice of deposition incorporating any additional modifications the parties have agreed upon during their meet and confer session(s).  Fedex Ground shall file a response to Plaintiff's addendum by Monday, June 8, 2020, which must, without any argument, identify those topics in Plaintiff's amended notice of deposition for which it continues to seek a protective order and those topics for which it does not.

In revising his original notice of deposition, Plaintiff should consider the following general principles regarding Rule 30(b)(6) depositions.  In pertinent part, Rule 30 provides that

> [i]n its notice or subpoena, a party may name as the deponent a public or private corporation . . . and *must describe with reasonable particularity the matters for examination*. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6) (emphasis added).  "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must

---

[1] The amended notice of deposition should also include any topics in the original notice of deposition that Plaintiff has not agreed and does not propose to modify.  However, it should not add any topics not included in the original notice.

produce someone familiar with that subject." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Id.* (quotation marks omitted).

An entity subject to a Rule 30(b)(6) notice of deposition has a duty to prepare its designated witnesses such that those witnesses can provide comprehensive and non-evasive answers to the questions posed on the relevant subject matters.

> The duty to prepare the designee imposed by the rule goes beyond matters personally known to the designee or to matters in which that designee was personally involved. Such preparation requires a good faith effort [by] the [designee] to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge. The duty of preparation may require the interviewing of past employees.

*United States v. Magnesium Corp. of Am.*, 2006 WL 6924985, at *4 (D. Utah Nov. 27, 2006) (footnotes and internal quotation marks omitted); *see also Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998) (describing organization's obligation to prepare for Rule 30(b)(6) deposition in similar terms).

Most pertinent for purposes of the present matter, however, Rule 30(b)(6) imposes obligations not only on the entity to be deposed, but also on the party noticing the deposition.

> A good [R]ule 30(b)(6) deposition—from both parties' standpoints—requires cooperation. There is little room for hiding the ball at this stage. The rules of engagement are relatively demanding. The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know—before the deposition day.  If the questioning party wants a prepared witness, the questioning party must help the witness prepare.  This assistance may come close to scripting out questions; there is no need or privilege that protects such work product when one is about to take a [Rule] 30(b)(6) deposition.  If the corporation wants more specificity, it is entitled to it.  In the end, however, the questioner is entitled to answers to his or her questions.  The corporation is not free to reframe or limit the scope of questioning. Accordingly, the parties must try, in good faith, to agree on what topics fit into which category, keeping in mind that the [deposing party] must accommodate [the

3

corporation's] insistence that [the deposing party] "describe with reasonable particularity the matters on which examination is requested," Fed. R. Civ. P. 30(b)(6), and that [the corporation] must provide a fully prepared witness to address each proper topic.

*Peshlakai v. Ruiz*, 2014 WL 459650, at *25 (D.N.M. Jan. 9, 2014).[2]

In light of the modifications discussed in Plaintiff's response to the Motion, Plaintiff seems to have recognized that many of the topics in his original notice of deposition to Fedex Ground are exceedingly overbroad.  Plaintiff is advised to carefully review the entire original notice with the foregoing principles in mind and, wherever possible, modify the topics listed therein to satisfy Rule 30(b)(6) "reasonable particularity" requirement.  At the end of the day, the amended notice should include topics that are not only relevant and proportional to the needs of the case, *see* Fed. R. Civ. P. 26(b)(1), but also sufficiently specific to allow Fedex Ground to prepare its designated representative(s) to be deposed in accordance with its obligations.  *See* Fed. R. Civ. P. 30(b)(6). In this regard, the Court notes that the extent of any reasonable inquiry Fedex Ground's designated witness(es) must make to prepare for the deposition will vary depending on the specificity of the revised notice Plaintiff ultimately produces.  To be reasonable, an inquiry regarding a narrowly tailored topic will usually need to be more in-depth than an inquiry regarding a broader topic.

Also, as Plaintiff prepares its addendum in accordance with the above principles and Defendant prepares its supplemental notice, the parties are reminded that

> [t]he Federal Rules of Civil Procedure are designed so that discovery in civil matters can be relatively self-executing, with the [court] intervening only in the event of an irreconcilable disagreement between counsel for the parties. The federal courts depend on discovery being largely self-executing so that they can successfully manage their heavy caseload.

---

[2]  If, at the deposition, the deposing party asks questions outside the scope of its notice, the entity being deposed may move to terminate or limit the deposition under Rule 30(d)(3) "on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  Fed. R. Civ. P. 30(d)(3). However, counsel should exercise judgment and discretion in deciding whether to pursue that remedy and would do well to make every effort to resolve the dispute and if unable to do so on their own, attempt to contact the Court by telephone to try to resolve the dispute before resorting to it.

*Peshlakai*, 2014 WL 459650 at *28 (quoting *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 2010 WL 1631274, at *4 (D.N.M. Mar. 27, 2010)).  It is neither efficient nor necessary for the Court to "umpire[] every discovery dispute that the parties may resolve, at least partially, by good-faith negotiation." *Id.* Of course, "[t]he Court is always available and willing to resolve disputes—that is what it is here to do"; however, the Federal Rules of Civil Procedure require the parties to "bottom out with negotiation and cooperation" before seeking the Court's assistance. *Id.*; *see, e.g.*, Fed. R. Civ. P. 26(c)(1) (before filing motion for protective order, movant must confer in good faith with opposing party in effort to resolve dispute without court action); Fed. R. Civ. P. 37(a)(1) (before filing motion to compel, movant must confer in good faith with opposing party in effort to obtain discovery without court action).  Thus, the parties will be required to meet and confer in good faith between Tuesday, June 2, 2020 and Thursday, June 4, 2020 after Plaintiff has served his amended notice of deposition in a meaningful attempt to further narrow their areas of dispute.

IT IS THEREFORE ORDERED as follows:

1. By **Monday, June 1, 2020**, Plaintiff shall serve an amended notice of deposition to Fedex Ground that includes the contents described herein;

2. Between **Tuesday, June 2, 2020** and **Thursday, June 4, 2020**, the parties shall meet and confer and attempt to further narrow any remaining areas of dispute;

3. By **Friday, June 5, 2020**, Plaintiff must file, as an addendum to his Response to Defendant Fedex Ground Package System's Motion for Protective Order to Limit Plaintiff's Deposition of Fedex Ground (Doc. 69), an amended notice of deposition to Fedex Ground that includes the contents described herein and any additional modifications agreed to during the parties' meet and confer session(s); and,

4.     By **Monday, June 8, 2020**, Fedex Ground shall file a response to the addendum that, without argument, identifies those topics in Plaintiff's most recent amended notice of deposition for which it continues to seek a protective order and those topics for which it does not.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE