**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JAMES D. DRISCOLL,

      Plaintiff,

v.                                      Civ. No. 19-527 JCH/KK

JESUS MANUEL CASTELLANOS
*et al.*,

      Defendants.


**<u>ORDER ON FEDEX GROUND'S MOTION FOR PROTECTIVE ORDER</u>**

THIS MATTER is before the Court on Defendant FedEx Ground Package System, Inc.'s ("FedEx Ground") Motion for Protective Order to Limit Plaintiff's Deposition of FedEx Ground (Doc. 64) ("Motion"), filed April 28, 2020.  Plaintiff filed a response in opposition to the Motion on May 12, 2020 (Doc. 69), and Defendant FedEx Ground Package System, Inc. ("FedEx Ground") filed a reply in support of it on May 26, 2020.  (Doc. 72.)  In addition, pursuant to the Court's Order to File Addendum to Response to Motion for Protective Order (Doc. 73) ("Order to File Addendum"), Plaintiff filed an Amended Notice of Videotaped Depositions Duces Tecum (Doc. 78) ("Amended Notice") as an Addendum to his response on June 5, 2020, and FedEx Ground filed a response to the Addendum (Doc. 79) on June 8, 2020. Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that FedEx Ground's Motion is well-taken in part and should be GRANTED IN PART and DENIED IN PART as follows.

**I.  Introduction**

This case concerns an accident in which Defendant Jesus Manuel Castellanos allegedly struck and injured Plaintiff James D. Driscoll, a pedestrian, while backing up a delivery van.  (Doc.

16 at 1.)  At the time, Defendant Castellanos was employed by Defendant Eldridge Distribution, Inc. ("Eldridge") and delivering packages for FedEx Ground pursuant to a contract between FedEx Ground and Eldridge.  (*Id.*)  In his First Amended Civil Complaint for Jury Trial (Doc. 49), Plaintiff asserts claims against all Defendants for negligence and negligence *per se*, and against Defendants Eldridge, FedEx Ground, and FedEx Corporate Services, Inc. for negligent entrustment, hiring, retention, training, and supervision.  In the Motion presently before the Court, FedEx Ground seeks a protective order limiting the topics about which Plaintiff may depose its representative(s) pursuant to Federal Rule of Civil Procedure 30(b)(6).  (Doc. 64 at 1.)

## II.  Legal Standards

Federal Rule of Civil Procedure 26 generally permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).  However, the Court must

> limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Fed. R. Civ. P. 26(b)(2)(C).

Rule 26(c) authorizes the Court to issue a protective order when necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c)(1).  The party seeking a protective order generally bears the burden of showing good cause for the requested order.  *Zia Shadows, L.L.C. v. City of Las Cruces*, No. CV 09-0909 MV/WPL, 2012 WL 12931968, at *2 (D.N.M. Sept. 24, 2012).  To meet its burden, the moving

2

party "must submit a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." *Landry v. Swire Oilfield Servs., L.L.C.*, 323 F.R.D. 360, 398 (D.N.M. 2018) (quoting *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981)) (quotation marks omitted).

Rule 30, in turn, provides in pertinent part that

a party may name as [a] deponent a public or private corporation . . . and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. . . . The persons designated must testify about information known or reasonably available to the organization.

Fed. R. Civ. P. 30(b)(6).  "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999). "To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf." *Id.* (quotation marks omitted).

An entity subject to a Rule 30(b)(6) notice of deposition has a duty to prepare its designated witnesses such that those witnesses can provide comprehensive and non-evasive answers to the questions posed on the specified matters for examination. *Peshlakai v. Ruiz*, No. CIV 13-0752 JB/ACT, 2014 WL 459650, at *23 (D.N.M. Jan. 9, 2014).

The duty to prepare the designee imposed by the rule goes beyond matters personally known to the designee or to matters in which that designee was personally involved. Such preparation requires a good faith effort [by] the designate to find out the relevant facts—to collect information, review documents, and interview employees with personal knowledge. The duty of preparation may require the interviewing of past employees.

*United States v. Magnesium Corp. of Am.*, No. 2:01-CV-40 DB, 2006 WL 6924985, at *4 (D. Utah Nov. 27, 2006) (footnotes and quotation marks omitted); *see also Alexander v. F.B.I.*, 186 F.R.D. 137, 141 (D.D.C. 1998) (describing organization's obligation to prepare for Rule 30(b)(6) deposition in similar terms).

> Rule 30(b)(6) also imposes reciprocal obligations on the party noticing the deposition.

> A good [R]ule 30(b)(6) deposition—from both parties' standpoints—requires cooperation. There is little room for hiding the ball at this stage. The rules of engagement are relatively demanding. The corporation must produce fully prepared and knowledgeable witnesses on the topics designated, but the questioning party must be specific in what it wants to know—before the deposition day.  If the questioning party wants a prepared witness, the questioning party must help the witness prepare.  This assistance may come close to scripting out questions; there is no need or privilege that protects such work product when one is about to take a [Rule] 30(b)(6) deposition.  If the corporation wants more specificity, it is entitled to it.  In the end, however, the questioner is entitled to answers to his or her questions.  The corporation is not free to reframe or limit the scope of questioning. Accordingly, the parties must try, in good faith, to agree on what topics fit into which category, keeping in mind that the [deposing party] must accommodate [the corporation's] insistence that [the deposing party] "describe with reasonable particularity the matters on which examination is requested," Fed. R. Civ. P. 30(b)(6), and that [the corporation] must provide a fully prepared witness to address each proper topic.

*Peshlakai*, 2014 WL 459650 at *25.

The permissible scope of a Rule 30(b)(6) deposition is as broad as the scope of discovery. *See* Fed. R. Civ. P. 26(b), 30(b)(6); *see also Landry*, 323 F.R.D. at 385 (scope of Rule 30(b)(6) deposition is "not otherwise limited") (quotation marks omitted).  In these depositions, courts have permitted questions regarding topics previously "addressed in interrogatories and document disclosure," because "a Rule 30(b)(6) deposition is designed to put the organization's position on the record," require the organization to "give reasons for that position," and "subject [it] to cross-examination. Other forms of discovery do not necessarily accomplish all these goals."  *Kretek v.*

4

*Bd. of Comm'rs of Luna Cty., New Mexico*, No. 11-676 RB/GBW, 2012 WL 12838430, at *4 (D.N.M. Oct. 19, 2012); *see also Landry*, 323 F.R.D. at 400 (permitting "[q]uestions concerning documents produced" in discovery as "a classic use of a deposition").   Of course, "in certain circumstances, a 30(b)(6) notice could be improper for being duplicative of other discovery." *Kretek*, 2012 WL 12838430 at *4.   However, the proponent of the protective order must "persuade[] the Court on this point."   *Id.*

### III.  Analysis

In its Motion, FedEx Ground objects in whole or in part to Topics 1, 4, 6 through 11, 14, 15, 17, and 18 of Plaintiff's Amended Notice.[1]   (Doc. 79 at 1-3.)   The Court will address each of these topics in accordance with the foregoing standards.

**Topic 1**:  In this topic, as amended, Plaintiff seeks to depose FedEx Ground regarding its "operation and corporate structure . . . limited to its core business in delivering packages, contracting with other companies to deliver packages, its status as a motor carrier, and the involvement of any other FedEx entities in the subject incident."  (Doc. 78 at 2.)  FedEx Ground objects to the portion of this topic referring to "its status as a motor carrier" on the basis that this portion was not included in the original topic and was thus added in violation of the Court's Order to File Addendum, which stated that Plaintiff's Amended Notice "should not add any topics not included in the original notice."  (Doc. 79 at 2; *see* Doc. 73 at 2 n.1.)  FedEx Ground further objects that this area of inquiry lacks reasonable particularity and calls for legal conclusions from a fact witness.  (Doc. 79 at 2.)

---

[1] FedEx Ground also purports to object to Topic 5 of Plaintiff's Amended Notice.  (Doc. 79 at 2.)  However, as amended, Topic 5 states solely that "[t]his original topic is sufficiently addressed by Topic 4 above."  (Doc. 78 at 2.)  Thus, FedEx Ground's objection to Topic 5 is moot.

The Court agrees that Topic 1 as originally drafted—*i.e.*, "FedEx Ground's operation and corporate structure," (Doc. 64-1 at 2)—was too vague and general to fairly notify FedEx Ground of the need to prepare its representative(s) to testify regarding "its status as a motor carrier," and thus that Plaintiff added this area of inquiry in violation of the Court's Order to File Addendum. The Court also agrees that this area of inquiry lacks reasonable particularity. (Doc. 79 at 2.) The Court will therefore prohibit Plaintiff from deposing FedEx Ground regarding "its status as a motor carrier" pursuant to Topic 1.[2]

**Topic 4**: The next area of inquiry to which FedEx Ground objects is Topic 4, in which, as amended, Plaintiff seeks testimony regarding Defendant Castellanos' "driver qualification file and the process in which [he] was qualified and hired," including "the involvement of First Advantage in hiring and qualifying [him] and FedEx Ground's involvement or non-involvement in the process." (Doc. 78 at 2.) FedEx Ground does not object to producing a witness to testify about Defendant Castellanos' driver qualification file, its involvement in his qualification process, and its knowledge of First Advantage's role in that process. (Doc. 79 at 2.) However, it does "object[] to presenting a witness to testify about Mr. Castellanos' hiring."[3] (*Id.*) FedEx Ground objects to this portion of Topic 4 on the basis that Eldridge hired Defendant Castellanos and, as such, FedEx Ground's representative(s) could only "parrot" what other witnesses have already said about his hiring. (Doc. 64 at 19.)

---

[2] However, as discussed below, the Court will allow Plaintiff to ask FedEx Ground for its position regarding whether, as a general proposition, the Federal Motor Carrier Safety Regulations apply to: (a) "the subject trip that encompassed the subject incident"; (b) "the hiring, training, [and] qualification of commercial motor vehicle drivers"; and, (c) "the investigation of commercial vehicle incidents/accidents," pursuant to Topic 11. (Doc. 78 at 3.)

[3] FedEx Ground also objects to presenting a witness to testify about Defendant Castellanos' "employment." (Doc. 79 at 2.) However, Plaintiff removed the term "employment" from Topic 4 as amended, and FedEx Ground's objection to this subject is therefore moot. (*Compare* Doc. 64-1 at 2 with Doc. 78 at 2.)

FedEx Ground's involvement or non-involvement in hiring Defendant Castellanos, and what it knew or could have learned about this process before the accident, are topics directly relevant to Plaintiff's negligent hiring and retention claims against FedEx Ground and FedEx Ground's defenses to these claims, and are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Moreover, the distinction between Defendant Castellanos' "hiring," to which FedEx Ground objects, and his "qualification," to which it does not, is subtle and imprecise. As such, in the Court's view, it would serve poorly as a boundary for Plaintiff's questions, particularly where Topic 4 specifically acknowledges that FedEx Ground's representative(s) may testify to its "non-involvement" in either or both of these activities.

The Court further finds that the portion of Topic 4 to which FedEx Ground objects is not unreasonably duplicative. FedEx Ground has neither alleged nor shown that an authorized representative has already spoken for it and been cross-examined on this topic. Moreover, to the extent FedEx Ground may elect to adopt, reject, or qualify, in whole or in part, the positions of another party or witness regarding Defendant Castellanos' hiring, Plaintiff is entitled to make a record of that by way of FedEx Ground's Rule 30(b)(6) deposition. *Kretek*, 2012 WL 12838430 at *4. Of course, if Plaintiff's counsel were to engage in *needlessly* duplicative questioning, *e.g.*, by asking FedEx Ground's representative to adopt another witness's testimony line-by-line after the representative had already adopted the testimony in whole and without reservation, FedEx Ground could object and, as a last resort, seek the Court's assistance by telephone. However, the remote possibility that Plaintiff's counsel might engage in such pointless conduct fails to persuade the Court to enter the requested protective order as a preventive measure.

**Topic 6**: In this topic, as amended, Plaintiff seeks to depose FedEx Ground's representative(s) regarding "Defendant Castellanos' performance as a driver." (Doc. 78 at 2.)

FedEx Ground objects to this topic because, it argues, "Plaintiff already has collected evidence of Mr. Castellanos's driving performance from the best sources available: Mr. Castellanos and the reports reflecting his driving history." (Doc. 64 at 20.)

What FedEx Ground knew or could have learned about Defendant Castellanos' driving performance before the accident at issue is directly relevant to Plaintiff's claims of negligent entrustment, hiring, retention, training, and supervision against FedEx Ground and FedEx Ground's defenses to these claims, and is proportional to the needs of the case. Further, like Topic 4, Topic 6 is not unreasonably duplicative, because FedEx Ground has neither alleged nor shown that an authorized representative has already spoken for it and been cross-examined on this topic. As such, notwithstanding other evidence produced during discovery, Plaintiff is entitled to make a record of FedEx Ground's position regarding what it did or did not know and could or could not have learned about this subject by way of a Rule 30(b)(6) deposition. *Kretek*, 2012 WL 12838430 at *4. The Court therefore declines to prohibit Plaintiff from deposing FedEx Ground regarding Topic 6.

**Topic 7**: FedEx Ground next objects to Topic 7, *i.e.*, "[t]raining and safety information provided to" Eldridge. (Doc. 78 at 2.) This topic specifically includes FedEx Ground's "Safety Information Guide for Vendors" and "On Road Reference Guide," which FedEx Ground produced in discovery, as well as "any additional training or driving safety materials" FedEx Ground provided to Eldridge, including materials regarding "the operation of commercial motor vehicles in parking lot/pedestrian areas, and reversing/backing." (*Id.* at 2-3.)

According to FedEx Ground, this topic is "irrelevant, overbroad, unduly burdensome and lacking reasonable particularity." (Doc. 64 at 9.) More specifically, FedEx Ground argues that "what is relevant in this action is the training [Eldridge] provided its driver, Mr. Castellanos, not

what FedEx Ground provided [Eldridge] as an independent business." (*Id.*)  Plaintiff responds that

his questions regarding this topic "will be related to . . . a reversing/backing incident that occurred

in a parking lot/pedestrian area in the midst of a delivery."  (Doc. 69 at 7.)  He also argues that,

"[t]o the extent FedEx Ground did or did not provide training information and documents to

Eldridge . . . for the use of drivers operating under FedEx Ground's [Department of Transportation]

Number"—which allegedly includes Defendant Castellanos—"this information is relevant and

discoverable as to Plaintiff's claims of negligent training." (*Id.* at 8.)

As a general proposition, the Court agrees with Plaintiff that training and safety

information FedEx Ground provided to Eldridge may be relevant to Plaintiff's negligent training

claims and Defendants' defenses to these claims, and proportional to the needs of the case.

However, the Court also agrees with FedEx Ground that, as written, Topic 7 is overbroad, unduly

burdensome, and lacking in reasonable particularity, because the training and safety materials to

be discussed are not limited to, though they include, materials regarding the operation of

commercial motor vehicles ("CMVs") "in parking lot/pedestrian areas, and reversing/backing."

The Court will therefore permit Plaintiff to depose FedEx Ground regarding Topic 7, but will limit

this topic as Plaintiff has proposed, *i.e.*, to training and safety materials FedEx Ground provided

to Eldridge that are "related to . . . a reversing/backing incident that occurred in a parking

lot/pedestrian area in the midst of a delivery." (Doc. 69 at 7.)

**Topic 8**:  In Topic 8, as amended, Plaintiff seeks to depose FedEx Ground regarding

"[p]olicies and procedures regarding the operation of [CMVs] in parking lot/pedestrian areas, and

reversing/backing."  (Doc. 78 at 3.)  FedEx Ground objects to this topic because Eldridge "owned

and operated the vehicle at issue," and thus "FedEx Ground's policies and procedures regarding

[the] operation of its own vehicles are irrelevant and immaterial."  (Doc. 64 at 10.)

As an initial matter, Plaintiff has presented evidence that Eldridge leased the vehicle at issue to FedEx Ground and operated it under FedEx Ground's Department of Transportation ("DOT") number.  (Doc. 69-1 at 2.)  As such, if FedEx Ground has any policies or procedures on the specified subjects that apply to leased CMVs operating under its DOT number, these policies and procedures are plainly relevant to the parties' claims and defenses and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Further, if FedEx Ground has distinct policies and procedures for CMVs it owns versus those it leases, that may also be relevant to whether it exercised ordinary care with respect to the incident at issue, though the Court expresses no view on the ultimate admissibility of any evidence on this point.  *See generally* N.M. U.J.I. 13-1603[4] ("'Ordinary care' is that care which a reasonably prudent person would use in the conduct of the person's own affairs" and "must be considered in the light of all the surrounding circumstances."); *see also* Fed. R. Civ. P. 26(b)(1) ("Information within [the] scope of discovery [set forth in Rule 26(b)(1)] need not be admissible in evidence to be discoverable.").  The Court therefore declines to prohibit Plaintiff from deposing FedEx Ground regarding Topic 8.

However, the Court notes that, though Plaintiff has limited this topic to policies and procedures regarding the operation of CMVs in parking lot and pedestrian areas and reversing/backing, he still has not specified what about these policies and procedures he wishes to know beyond, presumably, their bare contents.  The Court reminds Plaintiff that

> the extent of any reasonable inquiry Fedex Ground's designated witness(es) must make to prepare for the deposition will vary depending on the specificity of the revised notice Plaintiff ultimately produces. To be reasonable, an inquiry regarding a narrowly tailored topic will usually need to be more in-depth than an inquiry regarding a broader topic.

---

[4] The parties have stipulated that New Mexico law governs the substantive issues in this case.  (Doc. 16 at 2.)

(Doc. 73 at 4.)  Thus, if Plaintiff wanted to ensure that FedEx Ground's witness is prepared to address particular aspects of Topic 8 beyond the contents of the policies and procedures at issue, he needed to describe the desired scope of the topic in greater detail.

The Court also notes that this topic, as written, is not limited to *FedEx Ground's* policies and procedures, and could conceivably include *Eldridge's* as well.[5]  To the extent Plaintiff meant to include the latter, the Court will limit this topic such that FedEx Ground need not prepare its representative(s) to testify about the contents of Eldridge's policies and procedures, if FedEx Ground learned about these contents solely from other witnesses' testimony in this litigation.  In other words, FedEx Ground's representative(s) need not merely "parrot" other witnesses' testimony regarding the contents of Eldridge's policies and procedures on the specified subjects.  This limitation, however, does not extend to questions regarding what FedEx Ground knew about Eldridge's policies and procedures before the accident at issue.

**Topic 9**:  FedEx Ground next objects to Topic 9, in which Plaintiff seeks testimony regarding "[p]olicies and procedures . . . related to the hiring and qualification of [CMV] drivers who will operate [CMVs] interstate."  (Doc. 78 at 3.)  FedEx Ground objects to this topic on the basis that Eldridge hired Defendant Castellanos, and, as such, "the hiring and qualification of [FedEx Ground's] own drivers . . . is not relevant to the parties' claims and defenses."  (Doc. 64 at 11.)  FedEx Ground goes on to assert that, "[t]o the extent policies or procedures exist that apply to the issues in this action, they are set forth in the parties' Operating Agreement," about which FedEx Ground has agreed to be deposed.  (*Id.*)

---

[5] In fact, as written, both this topic and Topic 9 could be construed to encompass the policies and procedures of virtually any entity at any time, without limitation.  (Doc. 78 at 3.)  However, FedEx Ground does not seek a protective order on this basis; and, there is no indication in the parties' submissions that Plaintiff intended such a construction, which would render these topics absurdly overbroad and unduly burdensome.  The Court will therefore construe these topics as extending to, at most, the policies and procedures of the Defendant entities in this case that were in effect at the time of the accident at issue.

Again, as a general proposition, if FedEx Ground has any policies and procedures regarding hiring and qualifying drivers of leased CMVs operating under its DOT number, these policies and procedures are plainly relevant to the parties' claims and defenses and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  And, if FedEx Ground has distinct policies and procedures for hiring and qualifying drivers of CMVs it owns versus those it leases, this may also be relevant to whether FedEx Ground exercised ordinary care with respect to the hiring and qualification of Defendant Castellanos, though again the Court expresses no view on the ultimate admissibility of any evidence on this point.  N.M. U.J.I. 13-1603; Fed. R. Civ. P. 26(b)(1).  Also, the fact that this topic and Topic 3 may overlap to some degree does not invalidate either topic, though of course Plaintiff should not ask the same question multiple times merely because it pertains to both.  The Court therefore declines to forbid Plaintiff to depose FedEx Ground regarding Topic 9.

However, as with Topic 8, though Plaintiff has limited Topic 9 to certain policies and procedures, he has not specified what about these policies and procedures he wishes to know beyond, presumably, their bare contents.  Thus, if Plaintiff wanted to ensure that FedEx Ground's witness is prepared to address particular aspects of Topic 9 beyond the contents of the policies and procedures at issue, he needed to describe the desired scope of the topic in greater detail.

Further, and again as with Topic 8, this topic, as written, does not specify whether it refers only to *FedEx Ground's* policies and procedures, or to *Eldridge's* as well.  To the extent Plaintiff meant to include the latter, the Court will limit this topic such that FedEx Ground need not prepare its representative(s) to testify about the contents of Eldridge's policies and procedures, if FedEx Ground learned about these contents solely from other witnesses' testimony in this litigation.  This limitation, however, does not extend to questions regarding what FedEx Ground knew about Eldridge's policies and procedures before the accident at issue.

**Topic 10**:  Topic 10 addresses the delivery van Defendant Castellanos was driving when he struck Plaintiff, including whether it is a CMV and whether it was "equipped with safety features related to backing/reversing."  (Doc. 78 at 3.)  FedEx Ground objects to this topic as irrelevant and duplicative because it "does not own, maintain, or operate the subject van" and Eldridge "has already presented testimony and documents covering the universe of information on this issue." (Doc. 72 at 12.)

As previously noted, Plaintiff has presented evidence that FedEx Ground leased the delivery van in question from Eldridge and that Eldridge operated it under FedEx Ground's DOT number.  (Doc. 69-1 at 2.)  In these circumstances and as a general proposition, FedEx Ground's position regarding the van's characteristics is relevant to the parties' claims and defenses and proportional to the needs of the case and is not unreasonably duplicative.  FedEx Ground has neither alleged nor shown that an authorized representative has already spoken for it and been cross-examined on this topic; and, to the extent FedEx Ground may elect to adopt, reject, or qualify the testimony of another party or witness, Plaintiff is entitled to make a record of that by way of FedEx Ground's Rule 30(b)(6) deposition.  *Kretek*, 2012 WL 12838430 at *4.

Nevertheless, as written, this topic is substantially overbroad and unduly burdensome and lacks reasonable particularity, because it places no limits whatsoever on what Plaintiff wants to know about the van.  The Court will therefore permit Plaintiff to depose FedEx Ground about Topic 10, but will limit this topic to basic, identifying facts about the vehicle, such as its make, model, year, and markings, and also whether it is a CMV and has any backing safety equipment.

**Topic 11**:  FedEx Ground next objects to Topic 11, in which Plaintiff seeks testimony regarding "[t]he applicability of the Federal Motor Carrier Safety Regulations" to:  (a) "the subject trip that encompassed the subject incident"; (b) "the hiring, training, [and] qualification of [CMV]

13

drivers"; and, (c) "the investigation of commercial vehicle incidents/accidents."  (Doc. 78 at 3.)

According to FedEx Ground, this topic is overbroad and unduly burdensome because

> Plaintiff still has not identified the particular regulations to which this topic refers, requiring FedEx Ground to have a witness review and analyze the entire code of potentially applicable regulations to identify which regulations arguably might relate to the referenced topics, and prepare to testify about them, including with respect to legal conclusions such as their meaning and applicability.

(Doc. 64 at 17.)

Read literally, Topic 11 is limited to whether the Federal Motor Carrier Safety Regulations ("FMCSRs"), as a whole, apply to the listed subjects or not.  For FedEx Ground to prepare its representative(s) to testify on this narrow question imposes a *de minimis* burden and does not call for a legal conclusion; as a major corporation in the business of delivering packages, FedEx Ground can reasonably be expected to know whether and in what general circumstances the FMCSRs apply to its operations.  However, to the extent Topic 11 is meant to encompass more than that, it is vague, overbroad, unduly burdensome, and lacks reasonable particularity, because Plaintiff has not indicated the specific regulations about which he wishes FedEx Ground's witnesses to testify or what he wishes to know about them.  The Court will therefore permit Plaintiff to depose FedEx Ground regarding Topic 11, but his questions on this topic will be limited to whether the FMCSRs, as a whole, apply to the listed items.

**Topic 14**:   The next topic to which FedEx Ground objects is Topic 14, *i.e.*, "[c]ommunications" between Defendant Castellanos, Eldridge, "and/or" FedEx Ground "relating to the subject trip that encompassed the subject incident."  (Doc. 78 at 4.)  FedEx Ground objects to this topic as duplicative because already covered by previous witnesses' testimony, and irrelevant because

> [t]his case involves a backing incident at a Love's truck stop. Details of deliveries prior to or after that have no bearing on . . . whether Mr. Castellanos's conduct fell

14

below the applicable standard of care when backing his vehicle. . . .  Plaintiff's
counsel already discovered in prior depositions that Mr. Castellanos determined his
own route and that he was in no rush whatsoever that day.

(Doc. 64 at 20-21.)

The Court finds that Topic 14 encompasses relevant and proportional information.  Fed. R. Civ. P. 26(b)(1).  Indeed, FedEx Ground's own arguments highlight at least one potentially disputed fact about the subject trip that is plainly pertinent to Plaintiff's claims and Defendants' defenses, *i.e.*, whether Defendant Castellanos was pressed for time to complete his route when the accident in question happened.  Moreover, nothing in Rule 26(b) requires Plaintiff to simply accept Defendant Castellanos' testimony that he "was in no rush whatsoever"; rather, Plaintiff is entitled to seek discovery likely to confirm or contradict this testimony, including Defendants' communications about the trip.  The Court will therefore permit Plaintiff to depose FedEx Ground regarding Topic 14.

**Topic 15**:  In Topic 15, Plaintiff seeks to depose FedEx Ground's representative(s) regarding "[t]he subject incident" and the persons and entities "involved in the planning of the trip" during which it occurred.  (Doc. 78 at 4.)  FedEx Ground objects to this topic for the same reasons it objects to Topic 14, *i.e.*, that it is duplicative and irrelevant.  (Doc. 64 at 20-21.)

As with Topic 14, the Court finds that this topic encompasses plainly relevant and proportional information and is not unreasonably duplicative.  Plaintiff is entitled to discover FedEx Ground's position regarding what happened during the subject incident and who participated in planning the trip during which it occurred.  *Kretek*, 2012 WL 12838430 at *4. Again, FedEx Ground has neither alleged nor shown that an authorized representative has already spoken for it on this topic; and, to the extent FedEx Ground wishes to adopt, reject, or qualify the positions of another party or witness, Plaintiff is entitled to make a record of that by way of FedEx

15

Ground's Rule 30(b)(6) deposition.  In addition, Plaintiff is entitled to seek discovery likely to confirm or contradict the accuracy of other witnesses' testimony.

However, the Court notes that Topic 15 is somewhat vague in scope, and again reminds Plaintiff that "the extent of any reasonable inquiry Fedex Ground's designated witness(es) must make to prepare for the deposition will vary depending on the specificity of the revised notice Plaintiff ultimately produces."  (Doc. 73 at 4.)  If Plaintiff wished to ensure that FedEx Ground's witness is prepared to address particular details related to Topic 15, he needed to describe those details with particularity.

**Topic 17**:  FedEx Ground objects at some length to Topic 17, in which, as amended, Plaintiff seeks testimony regarding "[s]afe driving principles regarding the operation of [CMVs] in parking lot/pedestrian areas, and reversing/backing."  (Doc. 78 at 4.)  According to FedEx Ground, this topic "is overly broad, vague, and lacks reasonable particularity," and "is a clear attempt to elicit hypothetical testimony . . . in line with the 'Reptile Theory' of case presentation." (Doc. 64 at 13.)  FedEx Ground further objects that its "policies on this topic" have already been produced.  (*Id.* at 16.)

With respect to FedEx Ground's objection based on the so-called "reptile theory," the cases FedEx Ground has cited concern motions in limine to exclude evidence or argument at trial.  *See, e.g., Brooks v. Caterpillar Glob. Mining Am., LLC*, No. 4:14CV-00022-JHM, 2017 WL 3401476, at *8–9 (W.D. Ky. Aug. 8, 2017).[6]  Here, however, the Court is called on to decide, not whether

---

[6] Another such case is *Haste v. SCL Health Front Range Inc.*, No. 2016CV30971, 2017 WL 4857748, at *3 (Colo. Dist. Ct. Apr. 19, 2017), which FedEx Ground cites to support the proposition that "[i]t is particularly important to exclude . . . reptile tactics well in advance of trial."  (Doc. 64 at 16.)  According to FedEx Ground, the *Haste* court found that "[r]eptile strategies violate well-settled law, are transparent attempts to introduce prohibited Golden Rule evidence, and encourage the jury to depart from neutrality and decide the case on the basis of personal interest, emotion, and bias rather than on the evidence."  (*Id.*)  However, these purported findings are in fact mere arguments in the defendant's motion in limine, which the court attached to its decision *denying* the motion without prejudice to the defendant's ability to make appropriate objections at trial.  *Haste*, 2017 WL 4857748 at *1.  As such, FedEx Ground's citation of *Haste* is meritless at best and misleading at worst.

evidence or argument should be excluded at trial, but whether information is discoverable; and,

the latter question is governed by considerations of relevance and proportionality.  Fed. R. Civ. P.

26(b)(1).  In the circumstances of this case, the Court finds that "[s]afe driving principles regarding

the operation of [CMVs] in parking lot/pedestrian areas, and reversing/backing" are relevant to the

parties' claims and defenses and proportional to the needs of the case, and Plaintiff may therefore

depose FedEx Ground regarding such principles.  The Court further finds that Plaintiff has

reasonably narrowed this topic, and may properly ask FedEx Ground questions about responsive

policies it has previously produced in discovery.  *Landry*, 323 F.R.D. at 400.

The Court notes that Eldridge appears to have given Defendant Castellanos a warning as a

result of the accident at issue "for not following driving safety rules." (Doc. 69-6 at 1.)  The Court

further notes that the Independent Service Provider Agreement between FedEx Ground and

Eldridge includes several references to "safety," including an eight-page schedule entitled "Safe

Operating Practices," (Doc. 65-1 at 68-75), and that FedEx Ground's "On the Road Reference

Guide for Contracted Service Providers" also references "driver safety standards."  (Doc. 65-3 at

6.)  As such, prohibiting Plaintiff from asking FedEx Ground questions about "safety" at its Rule

30(b)(6) deposition would be nonsensical.  The Court will therefore deny FedEx Ground's Motion

with respect to Topic 17.

**Topic 18**:  Finally, FedEx Ground objects to Topic 18, in which Plaintiff seeks information

regarding FedEx Ground's "use[,] and policies and procedures regarding the use[,] of backup

beeper or backup alarms on [CMVs] that operate under FedEx Ground's Department of

Transportation (DOT) authority."  (Doc. 78 at 4.)  FedEx Ground argues that this topic is irrelevant

because it did not own or operate the delivery van at issue and so its use, and policies and

procedures regarding the use, of backup alarms on vehicles that it owns are irrelevant.  (Doc. 64

17

at 12.)  FedEx Ground further argues that the topic is duplicative and unduly burdensome because its obligations in this regard are set forth in the Operating Agreement between it and Eldridge, which has already been produced and about which it has agreed to be deposed.  (*Id.*)

As an initial matter, FedEx Ground's use, and policies and procedures regarding the use, of backup alarms in leased CMVs operating under its DOT are plainly relevant to the parties' claims and defenses and proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  Further, if FedEx Ground has distinct policies and procedures regarding the use of backup alarms in CMVs it owns versus those it leases, this may also be relevant to whether FedEx Ground exercised ordinary care with respect to the incident at issue, though again the Court expresses no view on the ultimate admissibility of any evidence on this point.  N.M. U.J.I. 13-1603; Fed. R. Civ. P. 26(b)(1).  And finally, that this topic and Topic 3 may overlap to some degree does not invalidate either topic.  The Court will therefore permit Plaintiff to depose FedEx Ground regarding Topic 18.[7]

### III.  Conclusion

For the reasons discussed herein, the Court GRANTS IN PART and DENIES IN PART the Motion for Protective Order by Defendant FedEx Ground Package System, Inc. to Limit Plaintiff's Deposition of FedEx Ground (Doc. 64) as follows:

**Topic 1**:  The Motion is granted.  Plaintiff may not depose FedEx Ground regarding "its status as a motor carrier" pursuant to Topic 1;

**Topics 4 and 6**:  The Motion is denied;

---

[7] Again, as written, Topic 18 could encompass policies and procedures in effect at any time without limitation.  (Doc. 78 at 4.)  However, FedEx Ground does not seek a protective order on this basis; and, there is no indication in the parties' submissions that Plaintiff intended such a construction, which would render this topic plainly overbroad and unduly burdensome.  The Court will therefore construe this topic as extending to, at most, the specified policies and procedures that were in effect at the time of the accident at issue.

**Topic 7**:  The Motion is granted in part and denied in part. Plaintiff may depose FedEx Ground regarding Topic 7; however, this topic is limited to training and safety materials FedEx Ground provided to Eldridge related to a reversing/backing incident that occurred in a parking lot/pedestrian area in the midst of a delivery;

**Topics 8 and 9**:  The Motion is granted in part and denied in part.  Plaintiff may depose FedEx Ground regarding these topics.   However, FedEx Ground need not prepare its representative(s) to testify about the contents of Eldridge's policies and procedures responsive to these topics, if FedEx Ground learned about these contents solely from other witnesses' testimony in this litigation;

**Topic 10**:  The Motion is granted in part and denied in part. Plaintiff may depose FedEx Ground about this topic but is limited to asking for basic, identifying facts about the vehicle and whether it is a commercial motor vehicle and has any backing safety equipment;

**Topic 11**:  The Motion is granted in part and denied in part.  Plaintiff may depose FedEx Ground regarding this topic but is limited to asking whether the referenced federal regulations, as a whole, apply to the listed items; and,

**Topics 14, 15, 17, and 18**:  The Motion is denied.

IT IS SO ORDERED.

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE