IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES D. DRISCOLL,

    Plaintiff,

v.                                                                                   Civ. No. 19-527 JCH/KK

JESUS MANUEL CASTELLANOS
*et al.*,

    Defendants.

**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL**

THIS MATTER is before the Court on Plaintiff's Motion to Compel Defendant FedEx Ground Package System's Responses to Plaintiff's Third Set of Interrogatories and Second Set of Requests for Production (Doc. 74) ("Motion"), filed June 1, 2020. Defendant FedEx Ground Package System, Inc. ("FedEx Ground") filed a response in opposition to the Motion on June 15, 2020 (Doc. 82), and Plaintiff filed a reply in support of it on June 29, 2020. (Doc. 89.) Having reviewed the parties' submissions, the record, and the relevant law, and being otherwise fully advised, the Court FINDS that Plaintiff's Motion is not well-taken and should be DENIED.

**I. Introduction**

This case concerns an accident in which Defendant Jesus Manuel Castellanos allegedly struck and injured Plaintiff James D. Driscoll, a pedestrian, while backing up a delivery van. (Doc. 16 at 1.) At the time, Defendant Castellanos was delivering packages for FedEx Ground pursuant to a contract between FedEx Ground and his employer, Defendant Eldridge Distribution, Inc. ("Eldridge"). (*Id.*) In his First Amended Civil Complaint for Jury Trial (Doc. 49), Plaintiff asserts claims against all Defendants for negligence and negligence *per se*, and against Defendants Eldridge, FedEx Ground, and FedEx Corporate Services, Inc. for negligent entrustment, hiring,

retention, training, and supervision. In the Motion presently before the Court, Plaintiff seeks an order compelling FedEx Ground to respond to certain interrogatories and requests for production pursuant to Federal Rule of Civil Procedure 37. (Doc. 74 at 1.)

## II. Legal Standards

Federal Rule of Civil Procedure 26 generally permits parties to

> obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). However, the Court must "limit the frequency or extent of discovery otherwise allowed by these rules . . . if it determines that," *inter alia*, "the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

Federal Rule of Civil Procedure 33 permits a party to serve interrogatories on any other party; these interrogatories "may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Likewise, Federal Rule of Civil Procedure 34 permits a party to serve requests for another party to produce documents and electronically stored information ("ESI"), provided the requested documents and ESI are "within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a)(1). Finally, Federal Rule of Civil Procedure 37 authorizes a party to move for an order compelling an answer or production if another party "fails to answer an interrogatory submitted under Rule 33" or "fails to produce documents . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iii), (iv).

## III. Analysis

In his Motion, Plaintiff asks the Court to compel FedEx Ground to answer Interrogatories Nos. 3 through 8 of his Third Set of Interrogatories, and respond to Requests for Production Nos.

1 through 4 of his Second Set of Requests for Production, to FedEx Ground.[1]  (Doc. 74 at 1.)  The Court will address each of these requests in accordance with the foregoing standards.

**A.      Interrogatories Nos. 3 and 4**

In Interrogatory No. 3, Plaintiff asks FedEx Ground to state "the number of crashes/accidents/incidents involving vehicles operating under [FedEx Ground's] [Department of Transportation] number categorized with a maneuver of 'backing' or 'reversing,'" for the years 2016 through 2019.  (Doc. 74-1 at 2.)  In Interrogatory No. 4, in turn, Plaintiff asks FedEx Ground to state "how many" of the "crashes/accidents/incidents" referred to in Interrogatory No. 3 "were classified as 'preventable.'"  (*Id.* at 3.)  FedEx Ground objects that these interrogatories are "overly broad and not reasonably calculated to lead to the discovery of admissible evidence" because they seek "information unrelated to the subject incident or Plaintiff's alleged damages, especially with respect to any documents created *after* the subject incident."  (*Id.* at 2-3 (emphasis in original).)  FedEx Ground further objects that these interrogatories seek "information and documentation regarding a matter that is not substantially similar or related to the subject incident or the persons and contract service provider involved."  (*Id.*)

As a preliminary matter, FedEx Ground has admitted that it "categorizes crashes/accidents for vehicles operating under its [Department of Transportation] number" as "preventable or not preventable" and "by maneuver type, including backing or reversing," and that it reports such incidents "to the Federal Motor Carrier Safety Administration."  (Doc. 74-5 at 1.)  As such, the Court recognizes that the information requested in Interrogatories Nos. 3 and 4 may be readily ascertainable.  Nevertheless, for the reasons explained below, the Court agrees with FedEx Ground

---

[1] Plaintiff also asks the Court to compel FedEx Ground to answer Interrogatory No. 9 of his Third Set of Interrogatories to FedEx Ground.  (Doc. 74 at 1.)  However, this interrogatory appears not to exist, and Plaintiff does not substantively address it in his Motion.  (*See generally* Docs. 74, 74-1.)  As such, the Court will not consider it here.

that the requested information is insufficiently relevant to the parties' claims and defenses and proportional to the needs of the case to justify an order compelling its disclosure. Fed. R. Civ. P. 26(b)(1).

As Plaintiff observes, "evidence of prior accidents" may be admissible in a motor vehicle accident case to support both "liability (duty) and punitive damages." *Leon v. FedEx Ground Package Sys., Inc.*, 313 F.R.D. 615, 639–40 (D.N.M. 2016). With respect to the first issue, such accidents may show "a high risk of danger," which would "increase[] the amount of care that [the defendant] owed" in a particular case. *Id.* at 639. With respect to the second issue, a plaintiff must show a defendant's "culpable mental state" to be entitled to punitive damages; and, evidence of a "cavalier attitude towards [the] safety of a dangerous activity . . . could raise [the defendant's] level of conduct to recklessness." *Id.* (quotation marks omitted). Critically, however, for such "highly prejudicial" evidence to be admissible, the prior accidents must be "substantially similar to the accident" at issue in the case at bar.[2] *Id.* at 645.

Here, the Court finds that Interrogatories Nos. 3 and 4 are too broad and general to support a finding that they seek information relevant to the parties' claims and defenses and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). The other accidents to which these interrogatories refer *might*, like the accident at issue here, have involved a delivery van operating under FedEx Ground's DOT number striking a pedestrian while reversing without a backup alarm. However, such accidents might also have involved entirely different circumstances, such as a small sedan backing up into a stationary FedEx Ground tractor-trailer.

---

[2] The Court is aware that the substantial similarity standard discussed in *Leon* applies to admissibility rather than discoverability, and that information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b)(1). However, the Court finds that the relative similarity of prior accidents to the accident at issue is also pertinent to whether information about prior accidents is relevant and proportional to the needs of the case. *Id.*

Nor would complete answers to Interrogatories Nos. 3 and 4 even allow Plaintiff to cull through information about other accidents to identify which ones may be relevant and admissible. In these interrogatories, Plaintiff requests only the bare number of accidents falling into the general categories indicated. Thus, complete answers would leave Plaintiff none the wiser about the particular circumstances of these accidents and whether they were substantially similar to the accident at issue.

Plaintiff attempts to overcome these defects by quoting *Leon*, 313 F.R.D. at 615, out of context. (Doc. 89 at 3.) At issue in *Leon* was the admissibility of a FedEx Ground accident register, *i.e.*, "a nationwide compilation of accidents over a period of three years." 313 F.R.D. at 646. The *Leon* court plainly stated that "the [a]ccident [r]egister and other accident evidence is *inadmissible unless [the plaintiff] can demonstrate that those accidents were substantially similar to the accident here*." *Id.* at 640 (emphasis added). Without such a demonstration, the court held, "[t]he [a]ccident [r]egister sweeps in too much conduct that is, although relevant in the [R]ule 401 sense, too dissimilar to the conduct that harmed [the plaintiff]." *Id.* at 646 (quotation marks omitted). However, the court went on to discuss why it would be "unlikely" to bar this type of evidence under Federal Rules of Evidence 403, 404, and 802, provided the plaintiff could demonstrate substantial similarity. *Id.* at 647-49.

In explaining why the hearsay rule would be unlikely to bar admission of the accident register, the *Leon* court stated, "[w]hether FedEx Ground had notice of a disproportionately large number of accident *reports* does not depend on the reports' accuracy. A disproportionately large number of reports would give notice to FedEx Ground of a potential area for consideration and investigation." *Id.* at 648 (emphasis in original) (quotation marks and brackets omitted). As such, the court concluded that the accident register could be offered for a purpose other than to show the truth of the matter asserted and to that extent would not be hearsay under Rule 801(c)(2). *Id.* In making

this observation, however, the court never retracted its holding that the plaintiff would have to demonstrate substantial similarity before any evidence of other accidents would be admissible. *See generally id.*

Plaintiff relies on the *Leon* court's statement that a "large number of reports would give notice to FedEx Ground of a potential area for consideration and investigation." (Doc. 89 at 3.) However, Plaintiff fails to acknowledge that this statement was made in the context of the court's prior caveat that evidence of such reports would have to concern substantially similar accidents to be admissible. (*See id.*) Taking this context into account, the *Leon* court was observing that a large number of reports *of substantially similar prior accidents* would give notice to FedEx Ground of a potential area for consideration and investigation. And again, here, even the most complete answers to Interrogatories Nos. 3 and 4 would not tell Plaintiff how many substantially similar prior accidents have been reported to FedEx Ground. In these circumstances, *Leon* does not support Plaintiff's argument that the information he seeks in Interrogatories Nos. 3 and 4 is relevant and proportional to the needs of the case.

Additionally, as FedEx Ground observes, the time period for which Plaintiff seeks the information requested in Interrogatories Nos. 3 and 4 continues through the end of 2019. However, the accident at issue occurred on April 22, 2019. Accidents occurring after that date could neither put FedEx Ground on prior notice of the dangerousness of its actions nor show a culpable mental state at the time of the accident, and would therefore be wholly irrelevant to the parties' claims and defenses. For these reasons, the Court will deny Plaintiff's request for an order compelling FedEx Ground to answer Interrogatories Nos. 3 and 4 of his Third Set of Interrogatories to FedEx Ground.[3]

---

[3] Because the Court will deny Plaintiff's request for an order compelling FedEx Ground to answer Interrogatories Nos. 3 and 4 on the basis of Rule 26, it need not consider FedEx Ground's additional argument that the Court should deny this request on the basis of 49 U.S.C. § 504(f). (*See* Doc. 82 at 5.)

**B.      Interrogatories Nos. 5 through 7 and Requests for Production Nos. 1 through 3**

In Interrogatories Nos. 5 through 7 and Requests for Production Nos. 1 through 3, Plaintiff asks FedEx Ground to identify and produce its "policies and procedures" regarding: (1) "the use of backup/reverse cameras in vehicles it owns or leases"; (2) "the use of backup or reverse alarms in vehicles it owns or leases"; and, (3) "reversing or backing of vehicles."[4]  (Doc. 74-1 at 3-4; Doc. 74-2 at 1-2.)

In response to these discovery requests, FedEx Ground refers Plaintiff to "the documentation produced at DRISCOLL-FXG-000714 to DRISCOLL-FXG-000733," subject to its objections that the requests are "overly broad and not reasonably calculated to lead to the discovery of admissible evidence."[5]  (Doc. 74-1 at 3-4; Doc. 74-2 at 1-3.)  FedEx Ground elaborates that the requests "seek[] information unrelated to the subject incident or Plaintiff's alleged damages" because FedEx Ground "does not own vehicles." (*Id.*)  Rather, "[v]ehicles are owned by service providers performing services for [FedEx Ground] pursuant to operating agreements." (*Id.*)  However, FedEx Ground also acknowledges that "it encourages service providers to utilize available safety technology where feasible" and "periodically issues safety materials to service providers, including information related to backing."  (*Id.*)

---

[4] In his reply, Plaintiff devotes a fair amount of argument to why FedEx Ground's "training materials" should be produced in response to Interrogatories Nos. 7 and 8 and Requests for Production Nos. 3 and 4. (Doc. 89 at 5-7 (citing *Dahlberg v. MCT Transp., LLC*, 571 F. App'x 641, 651 (10th Cir. 2014)).) However, Interrogatory No. 7 and Request for Production No. 3 seek "policies and procedures," not training materials. (Doc. 74-1 at 4; Doc. 74-2 at 2.) And, though Interrogatory No. 8 and Request for Production No. 4 could conceivably include training materials, as further discussed below, these requests are far too broad and burdensome for the Court to compel FedEx Ground to respond to them as written.

[5] It appears that DRISCOLL-FXG-000714 to DRISCOLL-FXG-000733 are "responsive policies and procedures." (Doc. 74-6 at 1.) However, as Plaintiff observes, because FedEx Ground otherwise "stands on its objections" to Interrogatories Nos. 5 through 7 and Requests for Production Nos. 1 through 3, (*id.*), Plaintiff cannot determine whether FedEx Ground is withholding other documents responsive to these requests. (Doc. 74 at 6.)

"Although a company's internal policies do not alter the applicable standard of care, they are admissible to show negligence, even if the policies demand a higher standard of care than the applicable law." *Therrien v. Target Corp.*, 617 F.3d 1242, 1256 (10th Cir. 2010) (quotation marks omitted). Moreover, the fact that FedEx Ground did not own or operate the delivery van at issue may attenuate the relevance of FedEx Ground's policies and procedures, but it does not render them wholly irrelevant where, as here, FedEx Ground apparently leased the van from Eldridge and allowed Eldridge to operate the van under FedEx Ground's DOT number. (Doc. 69-1 at 2); *see* N.M. U.J.I. 13-1603[6] ("'Ordinary care' is that care which a reasonably prudent person would use *in the conduct of the person's own affairs*" and "must be considered in the light of all the surrounding circumstances.") (emphasis added).

Nevertheless, Interrogatories Nos. 5 through 7 and Requests for Production Nos. 1 through 3 share a flaw that renders each of them overbroad, unduly burdensome, and disproportionate to the needs of the case. Fed. R. Civ. P. 26(b)(1). Specifically, the policies and procedures these discovery requests ask FedEx Ground to identify and produce are not limited to policies and procedures applicable to vehicles similar to the delivery van at issue in form or function.[7] Rather, as FedEx Ground argues in its response, the requested information also encompasses policies and procedures applicable to completely different vehicles such as forklifts operating at a warehouse. (Doc. 82 at 9.) The Court will therefore deny Plaintiff's request for an order compelling FedEx Ground to respond to Interrogatories Nos. 5 through 7, and Requests for Production Nos. 1 through 3, to FedEx Ground.

---

[6] The parties have stipulated that New Mexico law governs the substantive issues in this case. (Doc. 16 at 2.)

[7] Also, although FedEx Ground did not object on this basis, the Court notes that the discovery requests at issue appear to be overbroad and unduly burdensome because they are unlimited as to time.

## C.     Interrogatory No. 8 and Request for Production No. 4

Finally, Plaintiff seeks an order compelling FedEx Ground to respond to Interrogatory No. 8 and Request for Production No. 4, in which Plaintiff asks FedEx Ground to identify and produce "documents in the possession, custody or control of [FedEx Ground] that study, assess, analyzes [sic], or discuss reversing or backing accidents." (Doc. 74-1 at 4; Doc. 74-2 at 3.) FedEx Ground objects to these requests on the basis that they are overly broad and not reasonably calculated to lead to the discovery of admissible evidence. (Doc. 74-1 at 4-5; Doc. 74-2 at 3.)

The Court agrees that these requests are exceedingly overbroad, unduly burdensome, and disproportionate to the needs of the case.[8]  Fed. R. Civ. P. 26(b)(1). The Court can only imagine how many documents in FedEx Ground's possession, custody, or control "*discuss* reversing or backing incidents," (Doc. 74-1 at 4; Doc. 74-2 at 3 (emphasis added)), but it is surely a very large number scattered over a vast range of physical locations and databases. To locate and produce them all would likely be an almost impossible task. Moreover, the requested documents would likely run the gamut from highly relevant documents, such as a document containing an in-depth analysis of the accident at issue here, to documents with virtually no relevance at all, such as a document briefly referring to an accident in which a passenger car backed into a FedEx Ground tractor-trailer fifteen years ago or a FedEx Ground forklift backed into a warehouse wall yesterday. The Court will therefore deny Plaintiff's request for an order compelling FedEx Ground to respond to Interrogatory No. 8 and Request for Production No. 4.

## D.     **An award of expenses would be unjust.**

---

[8] In addition, the Court notes that the information requested in Interrogatory No. 8 and Request for Production No. 4 would almost certainly include many documents protected by the attorney-client privilege and the attorney work-product doctrine, though FedEx Ground did not timely object to these requests on either basis. (*See* Doc. 74-1 at 4-5 *and* Doc. 74-2 at 3; *but see* Doc. 82 at 7 (opposing Plaintiff's Motion on the basis that Interrogatory No. 8 and Request for Production No. 4 seek documents protected by the "attorney-client privilege and other privilege-related doctrines, the work product doctrine, and numerous confidentiality laws").

> Rule 37 provides that, if a motion to compel discovery responses is denied, the Court must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B).

Here, Plaintiff's Motion fails because the discovery requests at issue are insufficiently clear and precise, and not because all of the information they seek is, as FedEx Ground has argued, irrelevant to the parties' claims and defenses. Had FedEx Ground opposed Plaintiff's discovery requests only on the former ground and not the latter, it seems likely that the parties would have been able to resolve at least some of the issues presented in Plaintiff's Motion without Court intervention. In these circumstances, the Court finds that an award of expenses, including attorney's fees, would be unjust.

### IV. Conclusion

For the reasons discussed herein, Plaintiff's Motion to Compel Defendant FedEx Ground Package System's Responses to Plaintiff's Third Set of Interrogatories and Second Set of Requests for Production (Doc. 74) is DENIED.

IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE