IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES D. DRISCOLL,

    Plaintiff,

v.                                        Civ. No. 19-527 JCH/KK

JESUS MANUEL CASTELLANOS
*et al.*,

    Defendants.

## ORDER GRANTING FEDEX GROUND'S MOTION TO SEAL

THIS MATTER is before the Court on FedEx Ground Package System, Inc.'s Motion for Leave to File Exhibits to its Motion for Protective Order to Limit Plaintiff's Deposition of FedEx Ground Under Seal (Doc. 66) ("Motion"), filed May 8, 2020. Plaintiff has not filed a response in opposition to the Motion, and the time for doing so has expired. D.N.M.LR-Civ. 7.4(a). For the following reasons, the Court finds that the Motion is well-taken and should be GRANTED.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). "Although this right is not absolute, there is a strong presumption in favor of public access . . . particularly . . . where the district court use[s] the sealed documents to determine litigants' substantive legal rights." *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (citation and quotation marks omitted). "[T]he presumption in favor of access to judicial records may be overcome where countervailing interests heavily outweigh the public interests in access." *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012) (quotation marks omitted). "[T]he district court, in exercising its discretion, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties." *Pickard*, 733 F.3d at 1302 (quotation marks omitted). "Whether a trial court exercises sound

discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). "The burden is on the party seeking to restrict access to show some significant interest that outweighs the presumption." *Colony Ins. Co.*, 698 F.3d at 1241 (quotation marks omitted).

FedEx Ground states that the exhibits it seeks to file under seal were disclosed to Plaintiff pursuant to the Protective Order entered in this case on November 20, 2019, (*see* Doc. 35), and consist of:  (a) "FedEx Ground's contracts and addenda"; (b) "information concerning [FedEx Ground's] proprietary and confidential safety programs"; (c) "other financial, commercial, and competitively sensitive information" belonging to FedEx Ground "that is not publicly available"; and, (d) "the personal and financial information of [Defendant Castellanos]."  (Doc. 66 at 2.)  FedEx Ground asserts that there is good cause to seal these exhibits from public view.  (*Id.*)

The Court has reviewed the Motion and the exhibits FedEx Ground has asked the Court to seal and, in light of the facts and circumstances of this case, finds that FedEx Ground has demonstrated a significant countervailing interest in maintaining the confidentiality of the exhibits at issue that heavily outweighs the public's interest having in access to these exhibits.  In this regard, the Court notes that FedEx Ground has limited its motion to seal to confidential and sensitive proprietary or personal information, and has filed all other exhibits to its Motion for Protective Order to Limit Plaintiff's Deposition of FedEx Ground (Doc. 64) in the public record.

IT IS THEREFORE ORDERED that FedEx Ground Package System, Inc.'s Motion for Leave to File Exhibits to its Motion for Protective Order to Limit Plaintiff's Deposition of FedEx Ground Under Seal (Doc. 66) is GRANTED.  The exhibits attached to Defendant FedEx Ground Package System, Inc.'s Appendix Supplement to its Motion for Protective Order to Limit Plaintiff's Deposition of FedEx Ground (Doc. 65), filed under seal on April 28, 2020, will remain

under seal until further order of this Court. Access to these exhibits is limited to the Court and case participants only.

    IT IS SO ORDERED.

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE